UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN PALOMO,<br><br>                          Plaintiff,<br><br>v.<br><br>LOIS KOSCH, et al.,<br><br>                         Defendants. | Case No.: 24cv1344-LL-BJC<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT WITHOUT PREJUDICE AND DENYING AS MOOT ALL PENDING MOTIONS**<br><br>**[ECF Nos. 2, 7, 18, 28]** |

      On May 30, 2024, Plaintiff Jonathan Palomo filed a complaint against Defendants Lois Kosch; Joseph Paller; Nicole Roysdon; Jeremy Abate; and Sedgwick Claims Management Services, Inc. ECF No. 1-4. Before the Court are multiple motions to dismiss the complaint, quash service of the summons and complaint, and hold oral argument. ECF Nos. 2, 7, 18, 28. These matters are fully briefed, and the Court deems them suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court sua sponte **DISMISSES WITHOUT PREJUDICE** the complaint and **DENIES AS MOOT** all pending motions.

**I.    BACKGROUND**

      Plaintiff's complaint lists thirty-two claims against Defendants: (1) Fraud; (2) Cal. Civ. Codes §§ 51, 54, et seq.; (3) Cal. Gov. Code § 11135; (4) Disability Discrimination

1

1  (ADA and FEHA); (5) Bane Act; (6) Ralph Act; (7) Cal. Bus. & Prof. Code §§ 17200 et
2  seq.; (8) Intentional Interference with a Contractual Relationship; (9) Intentional
3  Interference with Prospective Economic Advantage; (10) Inducing Breach of Contract;
4  (11) Racial Discrimination, Retaliation, and Hostile Work Environment (42 U.S.C. § 1981
5  (all clauses) and FEHA (all clauses)); (12) 42 U.S.C. §§ 1981, 1982; (13) 42 U.S.C.
6  §§ 1985(2), 1985(3); (14) 42 U.S.C. § 1986, (15) IIED and NIED; (16) ADA Title II, III,
7  IV, and Rehabilitation Act Section 504; (17) Assault and Battery; (18) Race Discrimination
8  (FEHA and 1981); (19) Race Harassment and Hostile Work Environment (FEHA and
9  1981); (20) Failure to Prevent Discrimination, Harassment, and Retaliation (FEHA);
10 (21) Negligent Hiring, Supervision, and Retention; (22) Cal. Family Rights Act
11 Interference; (23) Cal. Family Rights Act Retaliation; (24) Failure to Interact (FEHA);
12 (25) Failure to Accommodate (FEHA); (26) Intrusion Upon Seclusion; (27) Larceny
13 (§§ 484, 496(a)(b)(c)); (28) Unjust Enrichment; (29) Defamation Per Se (Libel and
14 Slander); (30) Sex Harassment, Hostile Work Environment, Sex Discrimination (FEHA);
15 (31) Conversion; and (32) Civil Harassment (Cal. Civ. Code § 527.6). *See* ECF No. 1-4.

After removing this case, Defendants Kosch and Roysdon moved to dismiss the complaint under Federal Rules of Civil Procedure 8, 9(b), 10 and 12(b)(6), which Defendant Abate joined. *See* ECF No. 1, at 1, 3; ECF Nos. 2, 16. Defendant Sedgwick Claims Management Services, Inc. moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and (5). ECF No. 7. Finally, Defendant Paller, an AAA arbitrator who previously dismissed one of Plaintiff's cases with prejudice,[1] moved to quash service of the summons and complaint under Federal Rule of Civil Procedure 12(b)(5), for which

---

[1] *See Jonathan Palomo, Claimant, v. Best Buy Stores, L.P., Jeremy Abate, Fadi Ammouri, Ernest Colacion, Hakop Koushian, Dino Lucido And Damien P. Ada, Respondents*, AAA Case No. 01-22-0001-0908; ECF No. 18, at 4. Defendant Paller states that as part of his ruling he found Plaintiff and Aasir Azzarmi, a known vexation litigant by the Central District of California, defrauded the tribunal by having Azzarmi pretend to be Plaintiff throughout the arbitration. *See* ECF No. 28, at 2; ECF No. 2-1, at 9–10.

he requested oral argument. ECF Nos. 18, 28. Plaintiff opposed the motions to dismiss and quash, and Defendants replied. ECF Nos. 8, 9, 19, 20, 23–25, 27.[2]

## II.  LEGAL STANDARD

Complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1); *see also Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to "be read in conjunction with Rule 8"). In particular, the complaint must give "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citation, and alteration omitted). When "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery," courts may dismiss it. *See McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996) (affirming district court's dismissal of complaint for failing to comply with Rule 8). Courts may "*sua sponte* dismiss a complaint for failure to comply" with "Rule 8." *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012).[3]

---

[2] Defendants Kosch, Roysdon, Sedgwick Claims Management Services, Inc., and Paller declare that they were not properly served with the summons and complaint, Defendant Abate does not offer whether he was properly served, and only Defendants Kosch and Roysdon waived service of process. *See* ECF No. 1, at 3; ECF No. 1-2. Defendant Sedgwick Claims Management Services, Inc. declares that it does not reside or have persons authorized to accept service of process at the location Plaintiff purportedly effected service. *See* ECF No. 7-1, at 3. Similarly, Defendant Paller declares that he was not at that purported service location, and that in a later attempt at a different location, Plaintiff simply left the documents with the lobby's security guard, who is not authorized to accept service on his behalf. *See* ECF No. 18, at 4–5.

[3] Plaintiff also obtained a fee waiver in state court, subjecting him to sua sponte screening under 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 2-14 (Order on Plaintiff's Court Fee Waiver, Case No. 37-2024-00025343-CU-CR-CTL, dated May 31, 2024, in the Superior Court of California, County of San Diego).

|   |   |
|---|---|
| 1 | When "the petitioner is *pro se*, particularly in civil rights cases," courts are "to |
| 2 | construe the pleadings liberally" and "afford the petitioner the benefit of any doubt." *Hebbe* |
| 3 | *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks omitted). Still, even under a |
| 4 | "liberal interpretation," courts "may not supply elements of the claim that were not initially |
| 5 | pled." *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). |
| 6 | "Nor is the court required to accept as true allegations that are merely conclusory, |
| 7 | unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State* |
| 8 | *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). |

## III.   DISCUSSION

The Court first sua sponte considers whether Plaintiff has met the intelligibility requirement for stating a claim for relief under Rule 8. Plaintiff's complaint enumerates thirty-two claims, some of which are actually multiple claims. *See, e.g.*, ECF No. 1-4 at 7, 26 (alleging Claim 11 as "racial discrimination, retaliation, and hostile work environment" under "42 U.S.C. § 1981 (all clauses)" and "FEHA (all clauses)"). The complaint has over four hundred tiny, single-spaced paragraphs spread across thirty-five pages, often appearing so small and clustered that the Court cannot make out the words. *See, e.g.*, *id*. at 11–14, 23–41.

As best the Court can tell, the complaint arises from circumstances surrounding an arbitration he lost against his former employer, Best Buy Stores, L.P. *See generally id*. Defendants Kosch and Roysdon represented Best Buy Stores, L.P. and Defendant Abate, Defendant Sedgwick Claims Management Services, Inc. was a third-party administrator handling claims for its client, Best Buy Stores, L.P., and Defendant Paller was the AAA arbitrator who dismissed Plaintiff's case with prejudice. *See generally id*. Plaintiff alleges that Defendants somehow conspired to and did defraud him out successfully arbitrating his previous claims, which purportedly violated his rights. *See, e.g.*, *id*. at 9 ("All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment in this Complaint"); *id*. ("All defendants were responsible for the events and damages alleged herein . . . defendants are the alter egos of one another"); *id*. at 14 ("[A]ll

1  Defendants" made "intentionally fraudulent statements of material facts, including but not
2  limited to accusing Plaintiff of committing criminal acts, and engaging in other types of
3  criminal impersonation and fraud"); *id*. at 30 ("[A]ll Defendants engaged in a conspiracy
4  to racially discriminate against Plaintiff for the purpose of depriving Plaintiff directly
5  and/or indirectly of the equal protection of the laws and/or equal privileges or immunities
6  under the laws").

7        These and nearly all other pages are replete with repetitive conclusory allegations of
8  wrongdoing, verbose excerpts from various state and federal statutes, and protracted
9  digressions that appear to have little bearing on any legal claims Plaintiff may be asserting.
10 Plaintiff also attaches another thirty pages of rambling exhibits to his complaint, many of
11 which show Defendant Abate practicing a form of martial arts for some obscure reason.
12 *See id*. at 43–72. The Court therefore finds that Plaintiff has not complied with Rule 8's
13 requirement to provide a short and plain statement of the claim showing that the pleader is
14 entitled to relief with allegations that are simple, concise, and direct. *See United States ex*
15 *rel. Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011)
16 (collecting cases upholding dismissals of complaints that were "verbose," "confusing,"
17 "ambiguous," "unintelligible," "rambling," "conclusory," and "highly repetitious");
18 *Bourke v. City of San Diego*, No. 14-cv-1047-BAS-RBB, 2015 WL 687092, at *3 (S.D.
19 Cal. Feb, 18, 2015) (dismissing the 33-page complaint under Rule 8 because it was "riddled
20 with ambiguous allegations that are confusing, redundant, and oftentimes seemingly
21 irrelevant"); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("[J]udges are not like
22 pigs, hunting for truffles buried in briefs.").

23       Moreover, all thirty-two enumerated claims have the phrase: "Plaintiff hereby re-
24 alleges and incorporates all other paragraphs as if fully stated herein." *See id*. at 14–41.
25 Outside of part of the fourth claim which is alleged against Defendants Abate and
26 Sedgwick Claims Management Services, Inc. only, all other claims appear to be asserted
27 against all Defendants or does not specify against whom. *See id.* This type of pleading
28 complicates the Court's—and more importantly Defendants'—efforts to understand which

factual allegations support which claims, and against whom. The Court therefore further finds that Plaintiff has not complied with Rule 8's requirement to provide fair notice of what his claim are, against whom, and the grounds upon which they rest. *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) ("As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond" (quotation marks omitted)); *Gen–Probe, Inc. v. Amoco Corp.,* 926 F. Supp. 948, 961 (S.D. Cal. 1996) (noting that "confusion of which claims apply to which defendants would require that the complaint be dismissed"); *Gauvin v. Trombatore,* 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (finding that when "all defendants are lumped together in a single, broad allegation," Rule 8's requirement for "a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them" is violated).

## IV. CONCLUSION

Accordingly, the Court sua sponte **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint and **DENIES AS MOOT** all pending motions. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (quotation marks omitted)).

By **January 6, 2025**, Plaintiff may amend his complaint. Any amended complaint must be complete in itself without reference to superseded pleadings, and any claims not realleged in an amended complaint will be considered "waived." *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

IT IS SO ORDERED.

Dated: December 4, 2024

Honorable Linda Lopez
United States District Judge